### INTERNATIONAL TEXT-BOOK CO. v. INHABITANTS OF CITY OF AUBURN.

(Circuit Court, D. Maine. September 3, 1907.)

#### No. 611.

COMMERCE—INTERSTATE COMMERCE—VALIDITY OF MUNICIPAL REGULATION.

A city ordinance merely providing that "no person shall distribute in any public street or from any buildings handbills, cards, circulars or papers of any description except newspapers," reasonably construed and enforced by the officers as a police regulation only, to protect people on the streets from annoyance, is not unlawful as an interference with interstate commerce as against a concern doing business in another state and desiring to distribute on the public streets circulars advertising such business.

[Ed. Note.—State laws interfering with interstate commerce, see note to McCanna & Fraser Co. v. Citizens' Trust & Surety Co., 24 C. C. A. 21.]

In Equity. On motion for preliminary injunction.

D. C. Harrington and Emery G. Wilson, for complainant.
Geo. C. Wing, Jr., for defendant.

PUTNAM, Circuit Judge. This is a motion for an interlocutory injunction. The complainant was incorporated in Pennsylvania, and is engaged in conducting a system of instruction by correspondence, which involves among other things the distribution of text-books and various educational outfits from Scranton, in that state, to points in that state and other states. The complainant claims that this is interstate commerce, a definition which may well be doubted. We may well question whether the mere occupation of giving instruction can

be commerce, and whether, therefore, as the main purpose must be classified as noncommercial, the incidents thereof must not also be classified in the same way.

The bill complains of an ordinance of the city of Auburn in the following terms:

"No person shall distribute in any public street, or from any buildings, handbills, cards, circulars, or papers of any description except newspapers."

This ordinance clearly is not intended to interfere with any fair method of soliciting the purchase of merchandise involved in interstate commerce which decisions of the Supreme Court protect, but rather with annoying methods of incumbering the streets, and of interfering with persons traveling therein. The words "from any buildings" are clearly to be held as relating to the distribution of circulars from a building into the public streets, and the whole ordinance must be construed to be of the character which we have described.

The affidavits show that, on an application of the agent of the complainant to the city marshal of Auburn, the latter put on the ordinance a fair construction, to the effect that the complainant must not stop people on the street for the purpose of forcing on them its circulars, and the agent was told by him that such was the only interference the complainant would suffer. It is true that the marshal forbade the agent from handing circulars to people in any way; but, taking the whole conversation together, it is evident that everything said related to a general distribution of such things. There is nothing to show that the ordinance intended to interfere with the distribution of circulars to people asking for them either on the streets or at any office of the complainant, or their distribution in an orderly manner essential to the right of solicitation which the Supreme Court has declared to be a proper incident of interstate commerce.

Moreover, there is nothing to show that any discrimination whatever against the complainant corporation, or against nonresidents, was attempted or intended. Under these circumstances, the case as presented to us shows only an attempt on the part of the city of Auburn to exercise its police powers for the purpose of regulating its streets and protecting from annoyance persons traveling thereon.

The motion for an interlocutory injunction is denied.